UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Case No. 21-cr-455 (RCL) |
| ) | |
| REED KNOX CHRISTENSEN,   ) | |
| ) | |
| Defendant            ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Reed Knox Christensen, by and through his counsel, Troy D. Nixon, respectfully submits the following memorandum in aid of sentencing.

**FACTUAL ARGUMENTS**

  **I.   Sentencing Guideline**

  **a. U.S.S.G. §2A2.4 applies because Mr. Christensen's conduct did not constitute aggravated assault.**

At the outset, the Defendant argues that U.S.S.G. §2A2.2, Aggravated Assault, is the wrong guideline section to apply either directly or by cross reference. The U.S.S.G., in the Application Notes for Chapter 2, defines "Aggravated Assault" to mean a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony. None of Counts Two, Three, and Four on which the Defendant was convicted involve any of the four (4) factors in the definition of "Aggravated Assault."

The government argues in its objections to the Presentence Investigation Report ("PSR"), correctly in the opinion of the defense, that the jury was not asked, and therefore did not determine that Counts Two, Three, and Four, Assaulting, Resisting, or Impeding Certain Officers

1

in violation of 18 U.S.C. §111(a)(1), was done with the intent to commit another felony. The defense argues that not only does that result in Counts Two, Three, and Four being classified as Class A Misdemeanors, but also that Counts Two, Three, and Four should not be treated as an U.S.S.G. §2A2.2 Aggravated Assault when applying the U.S.S.G.

Mr. Christensen's conviction on the § 231(a)(3) charge cannot be used to bootstrap his misdemeanor assault convictions into aggravated assault for sentencing purposes since it was the same conduct at the same time that support the convictions on both the §111(a)(1) charges and the § 231(a)(3) charge. Mr. Christensen's convictions for violating § 111(a)(1) and § 231(a)(3) are both based on his conduct on the south end of the lower west terrace where he came into physical contact with officers. At trial, the jury found him guilty only of misdemeanor violations of § 111(a)(1) as admitted in by government in their sentencing memorandum (page 19, lines 8-9). Mr. Christensen was also convicted of the § 231(a)(3) charge, but the additional requirements to prove a violation of § 231(a)(3)—that acts were committed incident and during a civil disorder that affected commerce—satisfy the *Blockburger* test for trial purposes, but do not require any additional intent on Mr. Christensen's part and thus cannot transform his conduct into an aggravated assault under the guidelines. See U.S.S.G § 2A2.2 cmt. N. 1. Mr. Christensen's offense level should be calculated using § 2A2.4(a) and (b) because he did not intend to commit any additional felonious conduct other that that which underlies his § 111(a)(1) convictions.

Typical application of the cross-reference at U.S.S.G. § 2A2.4(c) - where the defendant is convicted of violating 18 U. S. C. § 111 and the offense conduct constituted aggravated assault because it involved the intent to commit another felony - involves additional felonious conduct separate and distinct from the violation of § 111. See *U.S. v. Thompson*, 60 F3d. 514, 518 (8th

Circuit 1995) (defendant was convicted under § 111, and his conduct involved the intent to commit possession of paraphernalia and a controlled substance; *U.S. v. Robles*, 557 F. App'x 355, 356-359 (5th Circuit, 2010) (defendant was convicted under § 111 for assaulting one officer, and his conduct involved intent to disarm a separate officer).

Judge Jackson declined to apply the cross-reference at U.S.S.G. § 2A2.4(c) where the defendant plead guilty to violating § 231(a)(3) but was alleged to have simultaneously violated both § 231(a)(3) and § 111(a)(1). *U.S. v. Thomas Patrick Hammer*, 21-cr-689(ABJ). Judge Jackson reasoned:

> It strikes me that if the Commission is asking: Did you commit the assault with the intent to commit some other offense? it didn't mean with the intent to commit that exact same assault, just charged differently. They could have easily defined "another offense" as any offense with any different elements that's a different offense, but they didn't. It's also important to note that the cross reference says you go to aggravated assault if the assault on the police officer involved the intent to commit another felony, not the same intent needed to satisfy the elements of another felony, not that it was committed during the commission of another felony. This suggests that the guideline is meant to cover just the situation in the cases that you cited, where the assault on the police officer is intended to facilitate or further or advance or succeed in the commission of or evasion of apprehension for a second, different crime.

*Hammer*, 21-cr-869, sentencing transcript at 20-21. Judge Jackson found that "at best, the cross reference is ambiguous" and that "the Rule of Lenity requires the adoption of the definition that favors the defendant." *Id*. At 24.

The undersigned acknowledges that the judges in this district have applied the cross-reference in § 2A2.4(c) by finding that simultaneous violations of § 111(a)(1) and § 231(a)(3) constituted aggravated assault in January 6 cases where the guidelines were agreed upon by the parties as part of a plea agreement. See *United States v. Mark Leffingwell*, 21-cr-5(ABJ); *United States v. Kevin Creek*, 21-cr-645 (DLF); *United States v. Cody Mattice et al.,* 21-cr-622(BAH);

*United States v. Willden*, 21-cr-423(RC). This Court also applied the cross-reference without objection or briefing in the case of *United States v. Matthew Council*, 21-cr-207. There are no such stipulations in this case and defendant objects to the government's support of the application of the cross-reference in § 2A2.4(c).

    b. Grouping

Defendant Christensen agrees with the Probation Office's analysis of the grouping of the Counts of conviction as set forth in paragraphs 42 through 47 of the report. Defendant agrees with the Probation Office that the Counts group into three distinct groups, not five as proposed by the government.

**II. The 18 U.S.C. § 3553(a) factors**

    a. Personal history and characteristics

Reed Knox Christensen was born in 1958 and is 65 years old. He has both a family and personal history of stroke. Mr. Christensen suffered a stroke on January 10, 2021. Mr. Christensen married Myra Reed and she is financially dependent on him. Mr. Christensen has five adult children and 16 grandchildren.

Mr. Christensen served four years in the U.S. Army and was granted an honorable discharge at the completion of his service. Mr. Christensen worked for Intel Corp. for over 30 years.

Mr. Christensen has had a very small digital footprint before and since the events of January 6, did not coordinate with any other participants of January 6 before the event, and gave very few interviews to media prior to his trial. Mr. Christensen did write a book regarding his experiences prior to and including January 6, but he has made approximately $500 from the self-published book. Mr. Christensen ran briefly for the governor position in his home state of

Oregon. Mr. Christensen intentionally self-funded his campaign and refused to accept any donations. Mr. Christensen cut his candidacy short when again suffered a major stroke in April of 2022 and was not physically able to proceed.

### b. Criminal history and offense conduct

Mr. Christensen has absolutely no criminal history outside of this case. A search of the State of Oregon court databases and Mr. Christensen's self-reporting shows that he had not received so much as a parking ticket prior to his arrest on this case. Mr. Christensen has had no police contact after his arrest and subsequent incarceration after his jury trial in this case. Mr. Christensen was compliant with all terms of his conditions of release while this case was pending trial.

### c. Punishment and deterrence

Mr. Christensen has obeyed all laws since January 6, 2021, and intends to continue to do so. The Government will argue that Mr. Christensen has attempted to minimize his conduct on January 6 and has not taken responsibility for his actions. Mr. Christensen maintains that his sole intent on that day was to waive the U.S. flag from the steps of the Capitol Building as an exercise of his free speech rights. His conduct on January 6, 2021, is the exclusive exception to the fact that Mr. Christensen has been an upstanding, law abiding, productive member of this nation. He will continue to abide by the laws of this country when he is released from prison. A lengthy prison sentence is not necessary to deter Mr. Christensen from committing any crime in the future.

### d. Variance from the applicable guideline range

Mr. Christensen agrees with Probation Office's identified factors that warrant a variance from the applicable guideline range: the need to avoid unwarranted sentence disparity among

similarly situated defendants; the defendant's age; and his entire lack of prior criminal convictions, should be considerations in determining that a variance is warranted in this case. Mr. Christensen is aged 65 and is considered elderly for the purposes of the guidelines. Defense counsel agrees with the Probation Office that the impact of incarceration on elderly individuals cannot be overstated. Moreover, Bureau of Prisons (BOP) programs, which often focus on education and job skills, do not generally aid elderly individuals who are unlikely to work upon release, and elderly individuals are less likely to be a public safety risk. These factors suggest a downward variance from the applicable guidelines range is warranted.

## II. Conclusion

The Defendant submits the following as the most appropriate offense level computation for each of the counts:

Count One: 18 U.S.C. §231(a)(3)

| | | |
|---|---|---|
| U.S.S.G. § 2X5.1 | Base Offense Level (If Offense is Felony for Which no Guideline has been Promulgated, Apply Most Analogous Offense Guideline) Apply U.S.S.G. §2A2.4(a) | 10 |
| U.S.S.G. § 2A2.4(b)(1) | Physical Contact with an Officer (Specific Offense Characteristic) | +3 |
| | **Adjusted Offense Level** | **13** |

Count Two: 18 U.S.C. §111(a)(1)

| | | |
|---|---|---|
| U.S.S.G. § 2A2.4(a) | Base Offense Level | 10 |
| U.S.S.G. § 2A2.4(b)(1) | Physical Contact with an Officer (Specific Offense Characteristic) | +3 |
| U.S.S.G. § 2A2.4(c)(1) | Cross reference to §2A2.2 *not applicable* | 0 |
| | **Adjusted Offense Level** | **13** |

Count Three: 18 U.S.C. §111(a)(1)

| | | |
|---|---|---|
| U.S.S.G. § 2A2.4(a) | Base Offense Level | 10 |
| U.S.S.G. § 2A2.4(b)(1) | Physical Contact with an Officer (Specific Offense Characteristic) | +3 |
| U.S.S.G. § 2A2.4(c) | Cross reference to §2A2.2 *not applicable* | 0 |
| | **Adjusted Offense Level** | **13** |

Count Four: 18 U.S.C. §111(a)(1)
  U.S.S.G. § 2A2.4(a)　　　　　　Base Offense Level　　　　　　　　　　　　　　10
  U.S.S.G. § 2A2.4(b)(1)　　　　　Physical Contact with an Officer　　　　　　　　+3
  　　　　　　　　　　　　　　　(Specific Offense Characteristic)
  U.S.S.G. § 2A2.4(c)　　　　　　Cross reference to §2A2.2 ***not applicable***　　　　0
  　　　　　　　　　　　　　　　**Adjusted Offense Level**　　　　　　　　　**13**

Count Five: 18 U.S.C. §1752(a)(1)
  U.S.S.G. § 2B2.3(a)　　　　　　Base Offense Level　　　　　　　　　　　　　　4
  U.S.S.G. § 2B2.3(b)(1)(A)(vii)　Trespass occurred on restricted grounds　　　　　+2
  　　　　　　　　　　　　　　　(Specific Offense Characteristic)
  U.S.S.G. § 2B2.3(c)(1)　　　　　Cross reference to §2X1.1 ***not applicable***　　　　0
  　　　　　　　　　　　　　　　**Adjusted Offense Level**　　　　　　　　　**6**

Count Six: 18 U.S.C. §1752(a)(2)
  U.S.S.G. § 2A2.4(a)　　　　　　Base Offense Level　　　　　　　　　　　　　　10
  U.S.S.G. § 2A2.4(b)(1)　　　　　Physical Contact with an Officer　　　　　　　　+3
  　　　　　　　　　　　　　　　(Specific Offense Characteristic)
  U.S.S.G. § 2A2.4(c)(1)　　　　　Cross reference to §2A2.2 ***not applicable***　　　　0
  　　　　　　　　　　　　　　　**Adjusted Offense Level**　　　　　　　　　**13**

Count Seven: 18 U.S.C. §1752(a)(4)
  U.S.S.G. § 2A2.4(a)　　　　　　Base Offense Level　　　　　　　　　　　　　　10
  U.S.S.G. § 2A2.4(b)(1)　　　　　Physical Contact with an Officer　　　　　　　　+3
  　　　　　　　　　　　　　　　(Specific Offense Characteristic)
  U.S.S.G. § 2A2.4(c)(1)　　　　　Cross reference to §2A2.2 ***not applicable***　　　　0
  　　　　　　　　　　　　　　　**Adjusted Offense Level**　　　　　　　　　**13**

Court Eight: 40 U.S.C. §5104(e)(2)(F)
  U.S.S.G. §1B1.9　　　　　　　U.S.S.G. does not apply　　　　　　　　　　　N/A

    The Defendant argues that the <u>Adjusted Offense Level</u> should be <u>13</u>.

    The Defendant has no objection to the Grouping Analysis of the PSR writer. The PSR writer identifies three (3) groups, each assigned one (1) unit, resulting in an offense level increase of +3.

    The Defendant argues that the <u>Combined Adjusted Offense Level</u> should be <u>16</u>.

    It is the Defendant's position that the <u>Total Offence Level</u> of <u>16</u> and a criminal history category of I should be applied, with a guideline imprisonment range of 21 months to 27 months.

7

The 18 U.S.C §3553(a) factors weigh in favor of a sentence below or at the low end of the guideline imprisonment range of 21 months to 27 months.

        Respectfully Submitted,

        */s/ Troy Nixon*
        OSB #074453, DC Bar pro hac vice
        McKean Smith LLC
        1149 SW 11th Ave., Ste 500
        Portland, OR 97205
        503-567-7967
        teamtdn@mckeansmithlaw.com

        */s/ Jay P. Mykytiuk*
        Jay P. Mykytiuk, DC Bar No. 976596
        Scrofano Law PC
        600 F Street, Ste 300
        Washington, D.C. 20004
        jpm@scrofanolaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court and provided to all parties of record via email on this 9th day of January 2024 as follows:

BRITTANY L. REED
Assistant United States Attorney
LA Bar No. 31299
650 Poydras Street, Ste 1600
New Orleans, LA 70130
504-680-3031
Brittany.Reed2@usdoj.gov

TIGHE BEACH
Assistant United States Attorney
CO Bar No. 55328
601 D Street, N.W.
Washington, D.C. 20001
240-278-4348
Tighe.beach@usdoj.gov

Respectfully Submitted,

*/s/ Troy Nixon*
OSB #074453, DC Bar pro hac vice
McKean Smith LLC
1149 SW 11th Ave., Ste 500
Portland, OR 97205
503-567-7967
teamtdn@mckeansmithlaw.com

9